IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS E. BAILEY, JR.,<br>Plaintiff, | : : : | |
| v. | : : | CIVIL ACTION NO. 19-CV-4922 |
| JUDGE PATRICK T. BARRETT, *et al.*,<br>Defendants. | : : | |

MEMORANDUM

McHUGH, J.                                                                     OCTOBER 31, 2019

*Pro se* Plaintiff Thomas E. Bailey, Jr., a pretrial detainee currently confined at Berks County Prison, filed the instant civil action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Middle District of Pennsylvania. His claims concern his recent transportation to and from the Berks County Court of Common Pleas by the Berks County Sheriff's Office. He has also filed a Motion to Proceed *In Forma Pauperis*. The United States District Court for the Middle District of Pennsylvania transferred the case to this district pursuant to 28 U.S.C. § 1406(a) because the Complaint concerns events that took place in Berks County. *See* 28 U.S.C. § 118(a). Prior to the transfer, four state judges who were named as Defendants filed a Motion to Dismiss, to which Bailey has not responded. For the following reasons, the Court will grant Bailey leave to proceed *in forma pauperis*, dismiss his Complaint with prejudice, and deny the pending Motion as moot.

I.     FACTS

Bailey named the following Defendants in his Complaint: (1) Judge Patrick T. Barrett; (2) Judge Paul M. Yatron; (3) Judge Thomas G. Parisi; (4) Judge Eleni Dimitriou Geishauser (misspelled "Eleni Dinitriou Geinhouser" in the caption); (5) the Berks County Jail System (abbreviated "BCJS" in the caption); (6) the County of Berks; and (7) the Berks County Sheriff's

Office (identified as "Berks Sheriffs Dept." in the caption). Bailey is suing the named judges in their individual and official capacities.

Bailey alleges that he was assaulted by officers of the Berks County Sheriff's Office in 2016, and suffers from post-traumatic stress disorder as a result of the assault.[1] Bailey indicates that in 2018 and 2019, Judges Barrett, Yatron, Parisi, and Geishauser directed the Berks County Sheriff's Office to transport him to and from court in connection with criminal proceedings before them in which Bailey is a defendant.[2] The Court understands the basis for Bailey's Complaint to be that the Defendants violated his constitutional rights by arranging for transport by the Berks County Sheriff's Office despite their alleged knowledge of the the 2016 assault. Bailey indicates that on some occasions when he is transported to the court, he is held in the same room in which he was previously assaulted. (Compl. ECF No. 1 at 5.)[3] Bailey also alleges that he is handcuffed and shackled during these times, sometimes for hours. (*Id.* at 8.)

Bailey claims that he is suffering from ongoing mental health problems as a result of the "continued secondary victimization." (*Id.*) Bailey also indicates that he will need to be treated

---

[1] The Court does not understand Bailey to be bringing claims based on the 2016 assault. In any event, any such claims would be time-barred because the applicable two-year statute of limitations has expired. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007).

[2] A review of public records indicates that Bailey is a defendant in several criminal cases currently pending in the Berks County Court of Common Pleas. *See Commonwealth v. Bailey*, CP-06-CR-0000551-2019 (J. Parisi presiding); CP-06-CR-0005684-2018 (J. Yatron presiding); CP-06-CR-0005685-2018 (J. Yatron presiding); CP-06-CR-0005686-2018 (J. Yatron presiding); CP-06-CR-0005500-2018 (J. Barrett presiding); CP-06-CR-0005245-2018 (J. Geishauser presiding); CP-06-CR-0005422-2018 (J. Yatron presiding).

[3] The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

for these mental health issues for the rest of his life. (*Id.*) He seeks monetary damages from the Defendants.

## II.    STANDARD OF REVIEW

The Court will grant Bailey leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4] Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Bailey is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

Section 1983 of Title 42 of the United States Code provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

---

[4] However, as Bailey is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

> jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Claims Against the Judges

As noted above, Bailey is suing the four judicial defendants in their individual and official capacities. Official capacity claims against a defendant are indistinguishable from claims against the entity that employs the defendant. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). In other words, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*

Bailey's claims against Judges Barrett, Yatron, Parisi, and Geishauser in their official capacities are essentially claims against the Berks County Court of Common Pleas. However, the Berks County Court of Common Pleas is not a "person" subject to liability under § 1983 and, in any event, is entitled to Eleventh Amendment immunity from Bailey's claims. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005); *see also* 42 Pa. Cons. Stat. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.").

Accordingly, the Court will dismiss Bailey's claims against the Judges in their official capacities as legally baseless.

Bailey's claims against the judges in their individual capacities are also legally baseless because they are barred by absolute judicial immunity. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

Judges Barrett, Yatron, Parisi, and Geishauser are all presiding over Bailey's criminal cases. Any orders or instructions that Bailey be transported to attend hearings or other matters in those proceedings are acts taken within those judges' judicial capacities. Accordingly, Bailey's claims against Judges Barrett, Yatron, Parisi, and Geishauser are barred by absolute judicial immunity and will be dismissed as legally baseless. *See Sawyer v. Gorman*, 317 F. App'x 725, 727–28 (10th Cir. 2008) ("Sawyer's allegations against Judges McNally and Way—challenging the imposition of a $25,000 bail, pro se filing restrictions, and an order that Sawyer be transported to court with a gag in place—clearly implicate actions taken in the judges' judicial capacity, and also not in the absence of all jurisdiction."); *Choate v. Lane*, Civ. A. No. 17-03043, 2019 WL 691398, at *3 (D. Nev. Feb. 19, 2019) ("Defendant possesses absolute judicial

immunity from a damages action under this suit for sentencing Plaintiff and ordering Plaintiff's transportation to prison within his judicial role."); *Allen v. Montgomery Cty. Sheriff's Dept/Jail*, Civ. A. No. 07-1006, 2008 WL 2048006, at *1 (S.D. Ind. May 13, 2008) (judicial immunity applied where "Allen's claim here is that Judge Ault issued the improper transport order, but did so in his official capacity and acting well within the jurisdiction of his office as judge.").

### B. Claims Against Remaining Municipal Entities

Bailey's remaining claims are brought against the Berks County Jail System, the County of Berks, and the Berks County Sheriff's Office. To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell*, 436 U.S. at 694. "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). A plaintiff illustrates that a custom was the proximate cause of his injuries by demonstrating that the Defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted).

A plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.*

Here, Bailey has not alleged a municipal policy or custom or other municipal conduct amounting to deliberate indifference sufficient to support a plausible claim against the municipal entities named in his Complaint based on his recent transportation to and from court. Furthermore, Bailey has not alleged a plausible basis for a constitutional violation. Unconstitutional punishment, be it under the Eighth Amendment applicable to convicted prisoners or the Fourteenth Amendment applicable to pretrial detainees, typically includes both objective and subjective components. *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). The objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind," which is generally one of deliberate indifference. *Id.*; *see also Edwards v. Northampton Cty.*, 663 F. App'x 132, 135 (3d Cir. 2016) (per curiam) ("[W]e agree with the District Court and find no reason to apply a different standard here as we have applied the 'deliberate indifference' standard both in cases involving prisoners and pretrial detainees." (internal citations omitted)).

The Court understands Bailey's claims to be based on the theory that the Defendants were deliberately indifferent to his mental health by permitting him to be transported by officers

of the Berks County Sheriff's Office (or, in the case of the Berks County Sheriff's Office, conducting the transport) in spite of the fact that he was assaulted on an occasion in 2016 by Sheriff's Office employees who transported him at that time. He does not allege that he was assaulted during transport in 2018 or 2019 and nothing in his allegations suggests he is currently at risk of another assault. Furthermore, "'prison officials may place inmates in restraints while transporting them from place to place.'" *Juliano v. Camden Cty. Dep't of Corr.*, Civ. A. No. 06-1110, 2006 WL 1210845, at *2 (D.N.J. May 3, 2006) (quoting *Barker v. Fugazzi*, 18 F. App'x 663 (9th Cir. 2001)). In sum, Bailey has not alleged facts suggesting that he is being subjected to an objectively serious condition as a result of any official's deliberate indifference.

## IV. CONCLUSION

For the reasons stated, the Court will grant Bailey leave to proceed *in forma pauperis* and dismiss his Complaint as legally baseless and for failure to state a plausible claim. Bailey will not be given leave to amend because amendment would be futile. In reaching this conclusion, the Court does not wish to minimize Bailey's concerns about his mental health; rather the Court holds only that the circumstances alleged do not give rise to a constitutional claim against the Defendants. As the Court dismissed this case upon screening it pursuant to 28 U.S.C. § 1915(e)(2)(B), the pending Motion to Dismiss is denied as moot. An appropriate Order follows.

**BY THE COURT:**

**/s/ Gerald Austin McHugh**

**GERALD A. McHUGH, J.**